No. 3--07--0730

Filed December 2, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| MARJORIE DAY, a/k/a MARJORIE CURTIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 05--AR--493 |
| MENARD, INC., | ) ) | Honorable Mark A. Vandeweile, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

The plaintiff, Marjorie Day, filed a negligence action against the defendant, Menard, Inc. The trial court granted summary judgment for the defendant, and the plaintiff appeals. We affirm.

FACTS

The parties do not dispute the facts. On August 11, 2004, the plaintiff purchased landscaping materials from the defendant's store. After making the purchase, the cashier at the defendant's store told the plaintiff to drive her pickup truck to a secured area where another employee would place the merchandise in her car. The plaintiff expected the employee to lower the tailgate of her truck and load the merchandise because she asked the cashier if the employee would do so.

The plaintiff exited the store and drove her pickup truck to

the secured area. The defendant's employees failed to assist her, and after about 15 minutes, the plaintiff decided to load the merchandise herself. The plaintiff attempted to open the tailgate, but it would not open. She tugged on it, and she fell backward when it opened. The plaintiff hit her head on the ground and suffered a concussion and bruises on her hip and the side of her leg. The plaintiff opened the tailgate often and did not recall having trouble with it before this incident.

On August 22, 2004, the plaintiff filed a negligence action against the defendant, alleging that the defendant was negligent because: (1) it failed to open the tailgate of her truck and load landscaping materials into the truck after the plaintiff requested such assistance and the defendant promised to assist; (2) it failed to warn the plaintiff of the difficulty and danger of loading landscaping materials; and (3) it carelessly owned, operated, and controlled its premises. The defendant filed a motion for summary judgment, which the trial court granted. The trial court found that the proximate cause of the plaintiff's injuries was the defective tailgate of her truck, not the breach of a duty by the defendant.

The plaintiff appeals.

ANALYSIS

On appeal, the plaintiff argues that the trial court erred in granting the defendant's motion for summary judgment because the defendant's negligence was the proximate cause of her injuries.

Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2--1005(c) (West 2006). In determining whether a genuine issue as to any material fact exists, pleadings, depositions, and admissions are construed against the party moving for summary judgment. Williams v. Manchester, 228 Ill. 2d 404, 888 N.E.2d 1 (2008). Summary judgment is inappropriate "where the material facts are disputed or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts." Williams, 228 Ill. 2d at 417, 888 N.E.2d at 9. Summary judgment is appropriate where the plaintiff cannot establish any element of the cause of action. Williams, 228 Ill. 2d 404, 888 N.E.2d 1. We review de novo the granting of summary judgment. Williams, 228 Ill. 2d 404, 888 N.E.2d 1.

To recover damages for a defendant's alleged negligence, a plaintiff must allege and prove that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injuries. Pageloff v. Gaumer, 365 Ill. App. 3d 481, 849 N.E.2d 1086 (2006). Here, the plaintiff seeks recovery under three theories: (1) premises liability; (2) failure to warn; and (3) voluntary undertaking. The plaintiff's premises liability and failure to warn arguments must fail because the plaintiff did not

3

stand in such a relationship that the law would impose obligations on the defendant under the facts and circumstances of this case. See Marshall v. Burger King Corp. 222 Ill. 2d 422, 856 N. E. 2d 1048 (2006), Lance v. Senior 36 Ill. 2d 516, 224 N. E. 2d 231, (1967). The plaintiff's injury was caused by the tailgate on the plaintiff's truck, not a condition on the land or the landscaping materials. Moreover, the evidence shows that the defendant did not know and would not have discovered that the tailgate posed an unreasonable risk of harm, as it was in the plaintiff's possession and control. See Restatement (Second) of Torts §343, at 215-16 (1965) ("A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."). Thus, it appears that the plaintiff's only viable theory of negligence is the voluntary undertaking theory.

Under the voluntary undertaking theory, a duty, limited to the extent of the undertaking, may be imposed on a person who voluntarily agrees to perform a service necessary for the protection of another person or their property. Buerkett v. Illinois Power Co., 384 Ill. App. 3d 418, 893 N.E.2d 702 (2008). The person undertaking the service must perform the service so as

4

to not increase the risk of harm to the other person.  <u>Buerkett</u>, 384 Ill. App. 3d 418, 893 N.E.2d 702.  If the person is negligent in the undertaking, he or she will be liable for the foreseeable consequences of the act if another person suffers harm because they relied on the other's undertaking.  <u>Buerkett</u>, 384 Ill. App. 3d 418, 893 N.E.2d 702.  The voluntary undertaking theory applies to a failure to perform the undertaking--nonfeasance--as well as negligent performance of the undertaking--misfeasance.  <u>Bourgonje v. Machev</u>, 362 Ill. App. 3d 984, 841 N.E.2d 96 (2005); see Restatement (Second) of Torts §323, at 135 (1965) (regarding negligent performance of an undertaking to render services).

While a voluntary undertaking may establish a duty between parties, a plaintiff, as stated above, must also establish a breach of duty and proximate cause to recover.  <u>Buerkett</u>, 384 Ill. App. 3d 418, 893 N.E.2d 702.  Proximate cause, which includes both cause in fact and legal cause, is generally a question of fact, but a court may find a lack of proximate cause as a matter of law where the facts fail to establish both cause in fact and legal cause.  <u>Buerkett</u>, 384 Ill. App. 3d 418, 893 N.E.2d 702.

"Cause in fact exists where there is a reasonable certainty that a defendant's acts caused the injury or damage."  <u>Rice v. White</u>, 374 Ill. App. 3d 870, 888, 874 N.E.2d 132, 148 (2007).  "Under a voluntary undertaking theory, to establish proximate cause of the injury, the cause-in-fact component requires a showing that a plaintiff relied on the defendant's conduct."

5

Rice, 374 Ill. App. 3d at 889, 874 N.E.2d at 148; see Restatement (Second) of Torts §323(b), at 135 (1965) (stating that the harm suffered must have been caused by the individual's reliance on the voluntary undertaking of the other individual).

" 'Reliance may reasonably be placed where there is a deceptive appearance that performance had been made, or where a representation of performance has been communicated to plaintiff by defendant, or where plaintiff is otherwise prevented from obtaining knowledge or substitute performance of the undertaking.' [Citations.] Moreover, 'to justify reliance, [a] plaintiff must be unaware of the actual circumstances and not equally capable of determining such facts.' " Bourgonje, 362 Ill. App. 3d at 1005, 841 N.E.2d at 114-15, quoting Chisolm v. Stephens, 47 Ill. App. 3d 999, 1007, 365 N.E.2d 80, 86 (1977).

In this case, the defendant, through its agent, voluntarily accepted the task to lower the tailgate of the plaintiff's truck and load merchandise but failed to perform the undertaking within 15 minutes of plaintiff's arrival to the secured area. The plaintiff knew that the defendant failed to perform the undertaking, decided to do it herself, and suffered injuries. Under these circumstances, the plaintiff cannot show that she relied on the defendant's promise and suffered harm because of that reliance. Knowing that the defendant had not performed the undertaking, the plaintiff could have obtained substitute performance of the undertaking by, for example, asking one of the

6

defendant's employees for help before doing it herself.  See Bourgonje, 362 Ill. App. 3d 984, 841 N.E.2d 96 (finding that the plaintiff relied on landlord's promise to provide security lights because she entered into the lease in part because of the promise and remained at the premises out of reasonable expectation of their imminent repair, forgoing opportunities to undertake her own safety precautions; McCoy ex rel. Jones v. Chicago Housing Authority, 333 Ill. App. 3d 305, 775 N.E.2d 168 (2002) (finding that the plaintiff did not rely on the defendant's promise to repair the window lock where the defendant failed to fulfill its promise over a number of years and told the plaintiff a month before the accident that it could not fix the lock, and where the plaintiff attempted to call the defendant to repair the window lock on the date of the accident and provided no evidence to show that the promise prevented her from seeking other precautions against the risk).  Therefore, the plaintiff cannot show that there was a reasonable certainty that the defendant's failure to perform caused her injury, and we find the trial court properly granted the defendant's motion for summary judgment.

We also note that the defendant did not breach its duty to the plaintiff.  Only 15 minutes passed before the plaintiff decided to perform the undertaking herself.  A 15-minute wait, although arguably poor customer service, is not unreasonable in a busy store with limited staff.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court

7

of Rock Island County is affirmed.

Affirmed.

HOLDRIDGE, J. concurring.

JUSTICE SCHMIDT, specially concurs:

I write separately only because of the statement of the majority opinion that plaintiff's premises liability argument must fail because "the plaintiff did not stand in such a relationship that the law would impose obligations on the defendant under the facts and circumstances of this case." Slip op. at 3-4. Plaintiff alleged that she was a customer at defendant's store and, therefore, it is clear that the law did impose a duty on defendant to make sure that there was no condition on the premises that would expose the plaintiff or any other business invitee to the unreasonable risk of injury. That being said, it is clear that plaintiff fails to plead a cause of action under premises liability as she does not plead and cannot plead any breach of defendant's duty to keep the premises reasonably safe.

It is clear what happened. Plaintiff was trying to open the tailgate of her own truck, which just happened to be on defendant's premises. The tailgate was stuck, plaintiff kept tugging on it until the tailgate finally gave way and opened. Plaintiff went flying and struck her head. The complaint alleges that plaintiff was injured while lifting landscaping materials. Discovery established that this allegation was false. Both the lawsuit and this appeal are frivolous. I would sanction

8

plaintiff and her attorneys for this appeal.  155 Ill. 2d R. 137.