2022 IL App (1st) 210770-U

No. 1-21-0770

Second Division
May 24, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| | ) | Appeal from the |
| TAIWO F. DUROWADE, | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20 M 66148 |
| | ) | |
| LENNY'S GAS-N-WASH SAUK TRAIL, | ) | |
| LLC, | ) | Honorable |
| | ) | Carrie Hamilton |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court's denial of plaintiff's late demand for a jury trial is reversed where plaintiff established good cause and defendant would not have been inconvenienced or prejudiced.

¶ 2     This appeal arises from a small claims case filed by plaintiff, Taiwo F. Durowade, against defendant, Lenny's Gas-N-Wash Sauk Trail, LLC. The trial court denied plaintiff's late demand for a jury trial, and judgment was entered for defendant after a bench trial. Plaintiff now appeals,

challenging the court's denial of her jury demand. For the following reasons, we reverse and remand for a jury trial.

¶ 3                                    I. BACKGROUND

¶ 4     On August 3, 2020, plaintiff's vehicle was damaged during a wash at defendant's automatic car wash. Specifically, the vehicle suffered a broken windshield wiper and a cracked windshield, apparently because plaintiff's wipers were left on their "automatic" setting during the wash. The cost to repair the vehicle was $711.85.

¶ 5     On September 10, 2020, plaintiff filed a complaint in the trial court alleging that defendant was negligent for failing to provide all necessary instructions to protect her vehicle, particularly a warning to turn off her automatic wipers. Plaintiff did not demand a jury trial at the time she filed her complaint. However, defendant filed an appearance and jury demand on September 29, 2020.

¶ 6     The matter was transferred to mandatory arbitration, which occurred on March 25, 2021, and resulted in an award for defendant. Plaintiff timely rejected the award four days later, and the case was set for a jury trial to commence on June 21, 2021. However, on June 14, 2021, one week before trial was set to begin, defendant waived its jury demand.

¶ 7     Upon learning of the waiver, plaintiff immediately submitted her own jury demand to the trial court. Defendant objected, arguing that plaintiff had waived her right to demand a jury by failing to do so at the time she filed her complaint. Plaintiff submitted a reply in support of the motion, contending that she had shown good cause to excuse her late jury demand because she had already lost the opportunity for a speedy adjudication of her claim due to defendant's prior demand. Plaintiff also asserted that honoring her request for a jury trial would not cause any inconvenience or prejudice to defendant because the case had already been docketed and the parties both anticipated a jury trial. On June 15, 2021, the trial court denied plaintiff's request for a jury trial.

¶ 8    Later that day, plaintiff filed an "Emergency Motion to Reconsider" the trial court's ruling. In the motion, plaintiff explained that she did not demand a jury at the time she filed her complaint because "she had to weigh her desire for a jury against the added delay of at least two years which is required for a jury trial[.]" Thus, she chose not to demand a jury because she valued what she thought would be a speedier resolution of her claim. However, because of defendant's jury demand, she was forced to incur the time and expense of preparing for a jury trial anyway.

¶ 9    The trial court denied plaintiff's motion to reconsider on June 17, 2021, stating that "a majority of cases on the issue relate to a defendant's right to file a jury demand after a plaintiff's withdrawal and not a plaintiff's right after a defendant's withdrawal." The case proceeded to a bench trial held on June 21, 2021, after which the court entered judgement in favor of defendant. This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11   The sole issue raised on appeal is whether the trial court erred when it denied plaintiff's late request for a jury trial.

¶ 12   The right to a trial by jury is enshrined in article I, section 13 of the Illinois Constitution. Ill. Const. 1970, art. I, § 13. Because the right to jury is fundamental, it must be "jealously guarded" by the courts. *Stephens v. Kasten*, 383 Ill. 127, 135 (1943). However, the right to demand a jury trial in a civil case is not absolute. Illinois Supreme Court Rule 285 (eff. Jan. 1, 1964), which governs jury demands in small claims cases, provides that "[a] small claim shall be tried by the

court unless a jury demand is filed by the plaintiff at the time the action is commenced or by the defendant not later than the date he is required to appear."[1]

¶ 13    Even so, section 2-1007 of the Code of Civil Procedure provides an exception to the rule such that "[o]n good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment." 735 ILCS 5/2-1007 (West 2020). Similarly, Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011) states that "[t]he court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time."

¶ 14    In light of the foregoing principles, Illinois courts have employed a two-prong test for determining whether a plaintiff should be granted a late request for a jury trial. First, the plaintiff must establish good cause for extending the period of time in which to file a jury demand. *Hernandez v. Power Const. Co.*, 73 Ill. 2d 90, 95 (1978). Second, separate from good cause, a court should consider inconvenience to the parties and any possible prejudice to the defendant. *Id.* The decision whether to grant a plaintiff's late jury demand is within the discretion of the trial court, and will not be reversed on appeal absent an abuse of that discretion. *Id.* However, because the right to a jury is constitutional, court should construe statutes liberally in favor of allowing the parties to exercise the right. *Id.*

¶ 15    In this case, plaintiff relies heavily on our supreme court's decision in *Hernandez*, and its progeny. We agree with plaintiff that *Hernandez* is instructive and analogous to the case at hand.

---

[1] The parties both cite section 2-1105 of the Code of Civil Procedure (735 ILCS 5/2-1105 (West 2020)) as the governing statute. We note that section 2-1105 and Rule 285 are substantively identical for purposes of this appeal, as both require a plaintiff to demand a jury at the time the action is commenced.

There, the plaintiff did not demand a jury at the time he filed his personal injury suit. *Hernandez*, 73 Ill. 2d at 93. The defendant demanded a jury at the time it filed its answer, but then withdrew the demand immediately prior to trial four years later. *Id.* The plaintiff objected and requested leave to file his own jury demand, which the trial court denied. *Id.*

¶ 16    Our supreme court affirmed this court's reversal of the trial court, first finding that granting the plaintiff's request for a jury would not have resulted in any inconvenience or prejudice because the case had been docketed for a jury trial, the prospective jurors were in the courtroom, and both parties had anticipated a jury trial. *Id.* at 95-96.

¶ 17    In determining whether the plaintiff had established good cause, our supreme court explained that a plaintiff is generally faced with two mutually exclusive options: she may (1) waive her right to jury trial and gain the benefit of a quicker adjudication or (2) demand a jury trial, thereby relinquishing the chance for a quick adjudication but possibly increasing her chances of recovery by enlisting the sympathies of a jury. *Id.* at 97. The court went on to reason that because the defendant's jury demand at the start of litigation had already deprived the plaintiff of the benefit of a quick adjudication, it would be unfair to also deny the plaintiff the advantages associated with a jury trial as well. *Id.* Thus, the court concluded that "this element of unfairness constitutes good cause for granting plaintiff's late jury demand and that, under the facts of this case, the trial judge abused his discretion in denying [the] plaintiff's demand." *Id.*

¶ 18    In the present case, we similarly find that defendant would have suffered no inconvenience or prejudice had plaintiff received a jury trial. Although prospective jurors were not already in the courtroom as they were in *Hernandez*, the case had already been docketed for a jury trial and the parties were both anticipating one. See also *GNP Commodities, Inc., v. Walsh Heffernan Co.*, 95

Ill. App. 3d 966, 971 (1981) (finding no inconvenience or prejudice where the case had already been assigned for a jury trial and "both parties had anticipated a jury trial from the outset").

¶ 19    Additionally, we find that plaintiff has shown good cause similar to that in *Hernandez*. Like in *Hernandez*, defendant's jury demand deprived plaintiff of the benefits of a speedy adjudication, which is especially valuable when the cost and time associated with litigation is compared to the amount in controversy here.[2] Although, as defendant points out, other cases finding good cause involve more time between the jury demand and subsequent withdrawal, the difference in time is commensurate with the relatively low stakes of this small claims case. See *Hernandez*, 73 Ill. 2d at 93 (withdrawal four years after demand); *Paul H. Schwendener, Inc. v. Larrabee Commons Partners*, 338 Ill. App. 3d 19, 30 (2003) (six years); *Lebovitz v. Cahill*, 69 Ill. App. 3d 614, 619 (1979) (three years). We also note that, because this case involved a small claim for property damage, defendant's jury demand also forced plaintiff into mandatory arbitration before a trial date could be set. Cook Co. Cir. Ct. R. 18.3(b) (eff. Aug. 1, 2001) (requiring arbitration of small claims property damages cases in which a timely jury demand has been filed). We therefore conclude that plaintiff has satisfied the requirement of good cause in that it would be unfair to deprive her of the benefits of a jury trial where she has also already been denied the benefit of a speedier adjudication of her claim. Accordingly, as in *Hernandez*, we find that the trial court abused its discretion in denying plaintiff leave to file a late jury demand.

¶ 20                                III. CONCLUSION

---

[2] We note that plaintiff attached to her opening brief on appeal an affidavit in which her counsel averred to the amount of legal fees plaintiff has incurred in the matter. We did not consider this evidence, as it was not before the circuit court. *People v. Garcia*, 2017 IL App (1st) 133398, ¶ 35 ("[A]ttachments to briefs cannot be used to supplement the record, and this court cannot consider evidence that is not part of the record."). However, we decline defendant's invitation to impose sanctions for the improper attachment.

¶ 21    For the reasons stated, the judgement of the trial court is reversed, and the matter is remanded for a jury trial.

¶ 22    Reversed; and remanded.