2024 IL App (1st) 231431-U

No. 1-23-1431

First Division
September 9, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| TAIWO F. DUROWADE | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20 M6 006148 |
| | ) | |
| LENNY'S GAS-N-WASH SAUK TRAIL, | ) | |
| LLC, | ) | Honorable |
| | ) | Carrie Hamilton, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Where there is no report of proceedings, or acceptable substitute, for the jury instruction conference or the jury trial, we presume that the trial court's decision regarding plaintiff-appellant's proposed jury instruction on voluntary undertaking was proper.

¶ 2     Following a jury trial, judgment was entered in favor of defendant-appellee Lenny's Gas-N-Wash Sauk Trail, LLC. On appeal, plaintiff-appellant Taiwo F. Durowade argues that the trial

court abused its discretion in denying plaintiff's request for a jury instruction on voluntary undertaking. For the reasons that follow, we affirm.

¶ 3                                          I. BACKGROUND

¶ 4     On September 10, 2020, plaintiff, a resident of Sauk Village, Cook County, Illinois, instituted this action against defendant following an incident that occurred at defendant's business on August 3, 2020.

¶ 5     According to plaintiff's complaint, on August 3, 2020, plaintiff visited defendant's car wash in Sauk Village. She was not familiar with this car wash. She proceeded driving through the designated route and did not see any signs. Upon arriving at the entrance to the car wash, an attendant signaled to her and instructed her to put her vehicle in neutral, which she did. During the wash, plaintiff heard a loud noise but did not know what it was. After exiting the car wash, plaintiff noticed that the windshield wiper of her vehicle was broken and her windshield was cracked. She alerted an attendant who retrieved her wiper from the car wash, and she filled out an incident report detailing the damage.

¶ 6     The complaint then alleged that defendant "failed to act reasonably in preventing the damage to [plaintiff's] vehicle by committing one or more of the following negligent acts or omissions:

    a. failing to warn [plaintiff] to turn off her automatic wipers;

    b. failing to provide [plaintiff] with all necessary instructions for a safe wash;

    c. voluntarily undertaking to provide [plaintiff] instructions for the wash but doing so negligently by providing her with only one instruction, despite knowing that there were other instructions necessary for [plaintiff] to know prior to the wash; and

d. being otherwise careless and/or negligent."

Plaintiff further alleged that she relied on defendant to provide her with all the necessary instructions for a safe wash; defendant's negligence was the proximate cause of the damage to plaintiff's vehicle; and she spent $711.85 repairing the damage caused by defendant's negligence. Attached to her complaint was a copy of the incident report, an invoice from Caliber Collision showing a cost of $711.85 for repairs to plaintiff's vehicle, and a receipt from a debit card payment for $711.85.

¶ 7 A week before the trial was set to begin, defendant waived its jury demand and plaintiff subsequently filed a jury demand. However, the trial court struck plaintiff's jury demand because she did not demand a jury trial at the time she filed her complaint. A bench trial was held on June 21, 2021, after which the trial court entered judgment in favor of defendant.

¶ 8 Plaintiff appealed that judgment to this court, specifically challenging the trial court's denial of her jury demand. We reversed the trial court's order striking plaintiff's jury demand, finding that good cause existed for plaintiff's late filing and defendant was not inconvenienced. We remanded for a jury trial. *Durowade v. Lenny's Gas-N-Wash*, 2022 IL App (1st) 210770-U, ¶¶ 18-21.

¶ 9 Prior to the jury trial, plaintiff submitted proposed jury instructions, including an instruction on the theory of negligent voluntary undertaking. The proposed instruction provided as follows:

"When I use the words "voluntary undertaking," I mean a person who gratuitously renders services to another. Under this theory of liability, one who voluntarily undertakes a course of action may not perform the act negligently. One who is negligent in his or her

undertaking will be held liable for foreseeable consequences of the act if another suffers

harm or physical damage because he or she relied upon that undertaking."

Defendant objected to the instruction. On March 22, 2023, just prior to trial, the trial court held a hearing on the jury instruction issue. No transcript of that hearing or conference, or an acceptable substitute, appears in the record. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (providing that the record on appeal shall include "the entire original common law record" and "any report of proceedings prepared in accordance with Rule 323"); Ill. S. Ct. R. 323(a), (c), (d) (providing that the appellant must file a report of proceedings, a bystander's report, or an agreed statement of facts). The trial court denied plaintiff's proposed instruction and sustained defendant's objection, reasoning that defendant was not required to repeat the instructions on the signage and its voluntary undertaking was limited to the instruction it did repeat.

¶ 10 That same day, a jury trial was held. Again, no transcript of that hearing, or an acceptable substitute, appears in the record. See Ill. S. Ct. R. 321, 323. The only record of the evidence presented at the trial is contained in the April 4, 2023 and August 3, 2023 trial court orders. The jury returned a verdict for defendant.

¶ 11 Thereafter, plaintiff filed a motion for a new trial, arguing, *inter alia*, that the question of whether defendant was negligent in its voluntary undertaking was a matter for the jury to decide, and by deciding the issue prior to trial, the trial court intruded on the province of the jury and prejudiced her right to a fair trial. In response, defendant asserted that the verbal directive to put the car in neutral did not extend a duty to verbally repeat all other instructions and plaintiff failed to establish reasonable reliance on defendant's verbal directive. Plaintiff subsequently filed a reply.

¶ 12 On August 3, 2023, the trial court denied the motion, concluding that the proposed jury instruction was not supported by the evidence in the record and that it did not remove a factual

issue from the jury because it had determined, as a matter of law, that the voluntary undertaking was limited to the instruction to put the car in neutral and there was no assertion that that instruction was negligent. Additionally, the trial court noted that "[a]rguably, plaintiff waived [her] argument as to the jury instruction" because she did not ask the trial court to reconsider its previous ruling at the conclusion of the evidence.

¶ 13    This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, plaintiff argues that the trial court abused its discretion when it denied her proposed jury instruction on negligent voluntary undertaking and denied plaintiff's right to a fair trial as a result.

¶ 16    Although plaintiff treats the issue of "waiver" seemingly in passing, given its potential dispositive effect, we consider this a threshold issue. Noting the trial court's comment that plaintiff's argument regarding the jury instruction had been "arguably waived," plaintiff argues that the claimed error has been preserved. Citing to the record, plaintiff notes her objection to the court's rejection of her tendered jury instruction during the instructions conference.

¶ 17    Not surprisingly, defendant responds that the claimed error is "waived." Defendant initially asserts that plaintiff was required to submit a remedial instruction pursuant to *Ladao v. Faits*, 2019 IL App (1st) 180610, ¶ 22. However, in the circumstances before the trial court, there was no need for remedial instruction as plaintiff was not objecting to an improper instruction, but rather offering one that she contended should be given. The proposed instruction was, in effect, the remedial instruction. Defendant additionally contends that plaintiff was required to request that the trial court reconsider its ruling after the close of evidence, but defendant fails to submit to this court any legal precedent requiring that a challenge to a trial court's refusal to give an instruction must

be raised again after the evidence has been presented. Our research has also not revealed any case mandating the time at which the jury instructions conference must take place or that a party must request that the court reconsider its ruling after the evidence has been heard.

¶ 18 Rather, the decisional law of this court seems clear that an objection simply must be made either during a jury instruction conference or when the instructions are given to the jury. See *Baumrucker v. Express Cab Dispatch, Inc.*, 2017 IL App (1st) 161278, ¶ 63; *Marek v. Stepkowski*, 241 Ill. App. 3d 862, 870 (1992). To preserve an error in the jury instructions for appeal, the opposing party must make a specific objection at the time of the instructions conference and the specific objection must be included in a written posttrial motion. *Burnham v. Lewis*, 217 Ill. App. 3d 752, 756 (1991); *People v. Watt*, 2013 IL App (2d) 120183, ¶ 33 (citing *Dean v. Keith's & Ralph's Tavern, Inc.*, 25 Ill. App. 3d 970, 972 (1975)). Here, plaintiff tendered a proposed instruction prior to trial and the court held a jury instruction conference on the day of trial and sustained defendant's objection to plaintiff's tendered instruction on voluntary undertaking. Plaintiff also raised the issue in her motion for a new trial. As such, we conclude that the jury instruction issue has been preserved.

¶ 19 Jury instructions inform the jury of the correct principles of law to be applied to the submitted evidence. *Dillon v. Evanston Hospital*, 199 Ill. 2d 483, 507 (2002). In particular, "the parties are entitled to have the jury instructed on the issues presented, the principles of law to be applied, and the facts needed to be proved to support its verdict." *Id.* at 505. "Instructions which are not supported by either the evidence or the law should not be given." *People v. Mohr*, 228 Ill. 2d 53, 65 (2008).

¶ 20 Whether to give a proposed jury instruction is a decision which rests within the sound discretion of the trial court. *Simmons v. Garces*, 198 Ill. 2d 541, 573 (2002). Thus, a trial court's

decision to give or deny a proposed jury instruction is reviewed for abuse of discretion. *Williams v. Sebert Landscape, Co.*, 407 Ill. App. 3d 753, 756 (2011). Under this standard of review, we determine whether, when "taken as a whole, the instructions fairly, fully, and comprehensively apprised the jury of the relevant legal principles." *Schultz v. Northeast Illinois Regulation Commuter R.R. Corp.*, 201 Ill. 2d 260, 273-74 (2002).

¶ 21 Before turning to the merits, we address the insufficiency of the record on this issue. The burden is on the appellant to provide this court with a complete record to support a claim of error on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (2007). "Absent a sufficient record, the reviewing court presumes that the trial court conformed to the law and that its rulings were supported by the evidence." *Adams v. Sarah Bush Lincoln Health Center*, 369 Ill. App. 3d 988, 997 (2007). Doubts arising from the incompleteness of the record will be resolved in favor of the appellee. *Foutch*, 99 Ill. 2d at 392.

¶ 22 On appeal, plaintiff has failed to provide this court with a transcript of the jury instruction conference or the jury trial or any acceptable substitute for either proceeding. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (providing that the record on appeal shall include "the entire original common law record" and "any report of proceedings prepared in accordance with Rule 323"); Ill. S. Ct. R. 323(a), (c), (d) (providing that the appellant must file a report of proceedings, a bystander's report, or an agreed statement of facts). Plaintiff attempts to mitigate this failure by directing us to her own summary of the jury trial in her brief and in her motions in the court below. However, we will not take as fact plaintiff's own recitation of the proceedings. See *American Sav. Bank v. Robinson*, 183 Ill. App. 3d 945, 947 (1989) ("A statement of facts *** in an appellant's brief is not sufficient to bring this matter to the attention of the reviewing court as to what transpired and what evidence was presented to the trier of fact.").

¶ 23   Here, the incompleteness of the record hinders our ability to review whether the failure to give the instruction on voluntary undertaking was reversible error. "A jury instruction error, although one of constitutional magnitude, is not necessarily a structural error and therefore does not result in automatic reversal." *People v. Hartfield*, 2022 IL 126729, ¶ 42; see also *Central Illinois Elec. Services, LLC v. Slepian*, 358 Ill. App. 3d 545, 550 (2005) ("Not every error committed by the trial court in a civil case leads to reversal."). "Reversal is warranted if the error resulted in 'serious prejudice' to the [party's] right to a fair trial." *Studt v. Sherman Health Systems*, 2011 IL 108182, ¶ 28; see also *Schultz v. Northeast Illinois Regional Commuter R.R. Corp.*, 201 Ill. 2d 260, 274 (2002) ("reviewing court ordinarily will not reverse a trial court for giving faulty instructions unless they clearly misled the jury and resulted in prejudice to the appellant"). Relevant here, "[a] new trial will be granted based on the court's refusal to give a proposed instruction only when that refusal has caused serious prejudice to a litigant's right to a fair trial." *Cipolla v. Village of Oak Lawn*, 2015 IL App (1st) 132228, ¶ 43; see also *Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 563 (2008) ("[W]hen a party tenders a jury instruction that states the legal principles applicable to the case and that instruction is supported by the evidence, it is an abuse of discretion to refuse to give the instruction if the refusal prejudices the party's right to a fair trial.").

¶ 24   Based on these principles, even if we determined that there was a jury instruction error, we would then need to review the evidence presented at trial to determine whether plaintiff was prejudiced. See *Studt*, 2011 IL 108182, ¶¶ 28-29 (reviewing the trial testimony to determine whether the defendant suffered serious prejudice due to an erroneous jury instruction). We cannot evaluate the prejudice caused by any alleged error in the jury instructions where we have no record of the trial, and the trial court's discussion of the trial in its order denying plaintiff's motion for a

new trial is not sufficient for us to conduct a meaningful review. Where the record is incomplete, we may not speculate as to what errors may have occurred below. *Foutch*, 99 Ill. 2d at 391-92; see also *People v. Edwards*, 74 Ill. 2d 1, 7 (1978) ("A reviewing court may not guess at the harm to an appellant *** where a record is incomplete. *** Where the record is insufficient or does not demonstrate the alleged error, the reviewing court must refrain from supposition and decide accordingly."). We must therefore presume that any potential error in the jury instructions caused plaintiff no prejudice, and thus, her claim on appeal necessarily fails.

¶ 25    Even were we to review plaintiff's claimed error based solely on the record now before us, we cannot say that the trial court erred in refusing to give the instruction on negligent voluntary undertaking. Arguably, the trial court ruled as a matter of law prior to trial on the issue of plaintiff's proposed jury instruction, and thus, we review that decision based on the record that was before the court at the time, namely the complaint. See *McGovern v. Kaneshiro*, 337 Ill. App. 3d 24, 29 (2003) (If the issue is solely one of law, which is reviewed *de novo*, and thus, "are not inherently impacted by the failure to include the instruction conference colloquy, we may address the merits without a complete report of the proceedings.").

¶ 26    Under a voluntary undertaking theory of liability, " '[o]ne who voluntarily undertakes to render services to another is liable for bodily harm caused by his failure to perform such services with due care or with such competence and skill as he possesses.' " *Decker v. Domino's Pizza, Inc.*, 268 Ill. App. 3d 521, 526 (1994) (quoting *Siklas v. Ecker Center for Mental Health, Inc.*, 248 Ill. App. 3d 124, 131 (1993)). Stated another way, "[i]f the person is negligent in the undertaking, he or she will be liable for the foreseeable consequences of the act if another person suffers harm because they relied on the other's undertaking." *Day v. Menard, Inc.*, 386 Ill. App. 3d 681, 683 (2008). This doctrine encompasses both "malfeasance—performing the undertaking negligently—

and nonfeasance—failure to perform the undertaking." *Lewis v. Chica Trucking, Co.*, 409 Ill. App. 3d 240, 254 (2011). "However, this theory is to be construed narrowly, and the duty of care imposed upon a party is strictly limited to [the] extent of the undertaking." *Avila v. Chicago Transit Authority*, 2021 IL App (1st) 190636, ¶ 47 (citing *Elam v. O'Connor & Nakos, Ltd.*, 2019 IL App (1st) 181123, ¶ 41).

¶ 27    In general, "litigants have the right to have the jury instructed on each theory supported by the evidence." *Heastie v. Roberts*, 226 Ill. 2d 515, 543 (2007). But a trial court need not give an instruction "concerning issues not raised by the pleadings." *Blackburn v. Johnson*, 187 Ill. App. 3d 557, 564 (1989). Upon a review of the record before the trial court at the time of the jury instruction conference, we conclude that plaintiff's allegations did not support the issuance of an instruction on voluntary undertaking.

¶ 28    Plaintiff asserts in her complaint that defendant was negligent by "voluntarily undertaking to provide [plaintiff] instructions for the wash but doing so negligently by providing her with only one instruction, despite knowing that there were other instructions necessary for [plaintiff] to know prior to the wash[.]" Her recitation of what took place when she arrived at the car wash was limited to an attendant stopping her and instructing her to put her car in neutral prior to entering the actual wash. In our view, plaintiff's recount of the event fails to demonstrate that defendant voluntarily undertook to recite every instruction written on the signs preceding the car wash. The attendant allegedly only gave one instruction; the attendant did not explain the purpose of instruction— whether it was for safety purposes or to start the car wash—and there was nothing to suggest that defendant intended to verbally recite to customers every instruction already provided on the signage. Moreover, plaintiff did not allege that the instruction to shift her car into neutral was given

negligently. Based on plaintiff's complaint, there was nothing to support a jury instruction on voluntary undertaking.

¶ 29    In objecting to the proposed instruction, defendant cited to *Frye v. Medicare-Glaser*, 153 Ill. 2d 26 (1992), for support. We agree with defendant and the trial court below that *Frye* is applicable here. In *Frye*, the administrator of the estate of a deceased patient instituted an action against a pharmacy based on a theory of negligent undertaking. *Id.* at 28-29. The patient had been prescribed a drug following surgery, and when the prescription was filled at the pharmacy, the pharmacist affixed two labels to the bottle, one of which was a picture of a "drowsy eye" and contained the words "May Cause Drowsiness." *Id.* at 29. No warnings were given regarding the effect of drinking alcohol while taking the drug. *Id.* The patient consumed alcohol while taking the drug and consequently died. *Id.* The administrator argued on appeal that the extent of the pharmacy's undertaking was to warn the patient of all potential dangers involved in taking the drug; however, our supreme court rejected that argument as overly broad and instead concluded that the extent of the undertaking was placing the 'drowsy eye' label on the container. *Id.* at 33. Further, the court stated that "it is unreasonable to argue that by placing only the "drowsy eye" label on the prescription container, a pharmacist might mislead a consumer into believing that drowsiness is the only side effect of [the drug]." *Id.* at 34. Thus, the supreme court affirmed summary judgment in favor of the pharmacist. *Id.*

¶ 30    Here, despite the fact that there were a number of instructions on multiple signs along the route to the car wash entrance, defendant undertook to give only one specific instruction to plaintiff prior to entering the actual car wash: to shift the car into neutral. The undertaking is therefore, like in *Frye*, limited to that one instruction, and there is no allegation that that instruction was given negligently. Despite plaintiff's assertion that the trial court improperly construed defendant's duty

narrowly "[b]y divvying up the instructions," that is precisely what occurred in *Frye*, where the side effects were divvied up and the pharmacy's undertaking was limited to the single side effect label placed on the container. Thus, we see no reason to depart from the reasoning of *Frye* here.

¶ 31    We also find the cases upon which plaintiff relies in support of the jury instruction inapposite. In the trial court, plaintiff relied on *Bourgonje v. Machev*, 362 Ill. App. 3d 984 (2005). Plaintiff continues to rely on that case before this court, asserting that, "just like in *Bourgonje*, the jury should have been permitted to determine the underlying purpose of [d]efendant's voluntary undertaking." In *Bourgonje*, the plaintiff appealed from a grant of summary judgment in favor of her landlord. *Id.* at 986. Following an attack on the plaintiff on the premises of her apartment building, the plaintiff filed a complaint against her landlord, alleging that the landlord voluntarily undertook a duty to provide the plaintiff with security and failed to do so by having nonfunctioning lights. *Id.* at 984. In moving for summary judgment, the landlord argued that the lights were not a voluntary undertaking to provide security but were merely for convenience. *Id.* In its analysis, the court stated that "the extent of a voluntary undertaking is not simply determined by the specific act undertaken but upon a reasonable assessment of its underlying purpose to be determined on a case by case basis. *Id.* at 1002-03. The court determined that there was evidence in the record "to allow the conclusion that in this case providing the lighting was a voluntary undertaking of a security measure against assaults." *Id.* at 1004. In particular, the evidence consisted of the plaintiff's testimony that the landlord specifically agreed to light the building to protect her and the landlord's listing the exterior lights as a security measure in her answers to interrogatories. *Id.* at 1003.

¶ 32    Plaintiff also mentions *Decker v. Domino's Pizza, Inc.*, 268 Ill. App. 3d 521 (1994). In *Decker*, the plaintiff brought a negligence action against his employer, defendant Domino's Pizza,

for injuries the plaintiff suffered during an armed robbery at one of the defendant's stores. *Id.* at 523. The evidence showed that prior to the robbery, the defendant had formed a standards committee to review proposed security measures for implementation at its stores. *Id.* at 524. Among the measures adopted was implementation of a cash-management system through the mandated use of a time-delay safe, a store safety kit, literature related to robbery prevention and security training. *Id.* Following trial, the jury returned a verdict in the plaintiff's favor. *Id.* at 525.

¶ 33 On appeal, the defendant argued that the extent of his undertaking should be construed narrowly, and that the only duty it voluntarily assumed was the mandatory use of a time-delay safe. *Id.* at 526. The Fifth District of this court rejected the defendant's argument, stating that, based on the facts in the record, the defendant "undertook to provide a security program that would deter robbery and protect employees from harm in the event of a robbery by providing the appropriate training and information." *Id.* at 527. As such, the court held that "liability could be imposed upon [the] defendant for the negligent performance of the duty it voluntarily undertook." *Id.* Additionally, the court distinguished *Frye* because the pharmacy there only undertook to warn patients of one specific side effect and, in the case before the court, the defendant undertook to establish a comprehensive security program. *Id.* at 528.

¶ 34 Neither of these cases persuades us that the trial court erred in declining to give the proposed instruction on voluntary undertaking. In *Bourgonje*, the record showed that the defendant expressly promised to provide exterior lights as a safety measure, and in *Decker*, the record showed that the defendant specifically undertook to create an expansive security program to protect their employees that was not limited to merely a time-delayed safe. The scope of the undertaking in both cases directly correlated to the plaintiff's specific claim of negligent voluntary undertaking. Here, plaintiff sought to broaden the scope of defendant's undertaking to encompass a recitation

of all instructions for the car wash; however, there were no allegations to support such a broadening, and the trial court properly declined to give a jury instruction on the issue.

¶ 35    As a final aside, we reject plaintiff's various assertions that the trial court's pretrial decision on this issue was improper because it had not yet heard the evidence in the case or because it had usurped the function of the jury. Plaintiff had the opportunity to request that the trial court reconsider its decision after potentially eliciting the necessary testimony or evidence, and she did not do so. To subsequently claim that the trial court's decision on that issue, which plaintiff raised *prior* to trial, was premature is not well taken. Regardless, after the trial, the court denied plaintiff's motion for a new trial based on the jury instruction issue, finding that the evidence presented at trial did not provide the requisite support for the instruction. Accordingly, we find no reason to disturb the trial court's decision.

¶ 36                                  III. CONCLUSION

¶ 37    For the reasons stated, we affirm the judgment of the circuit court.

¶ 38    Affirmed.